IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT, IN AND FOR HENDRY COUNTY, FLORIDA

CASE NO: 2022 CA 447

ANTONIO RAMIREZ

      Plaintiff,

vs.

WAL-MART STORES EAST LP, and
ROLLIN BEAUPERTHUY, as Store Manager

      Defendants.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, ANTONIO RAMIREZ, by and through her undersigned counsel, and sues the Defendants, WAL-MART STORES EAST LP, (hereinafter referred to as "WALMART"), and ROLLIN BEAUPERTHUY, as Store Manager (hereinafter referred to as "BEAUPERTHUY"), and as grounds therefor alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of interest, costs and attorneys' fees. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times hereinafter mentioned and at the times of the incident complained of, Plaintiff, ANTONIO RAMIREZ, is a natural person residing in Hendry County, Florida.

*Ramirez v. WAL-MART STORES EAST, LP, et al.*
*Amended Complaint*

3.      At all times material hereto and at the times of the incident complained of, Defendant, WALMART STORES EAST LP, was a company licensed to do business in the State of Florida which owned and operated the WALMART store located at 1950 W Hickpochee Ave., Labelle, Hendry County, Florida 33935.

4.      At all times material hereto Defendant, BEAUPERTHUY, whom upon information and belief is the manager of the subject WALMART store at the above address, and it is believed that he/she resides in Hendry County, Florida.

5.      On July 24, 2021, Plaintiff, ANTONIO RAMIREZ, was a business invitee who was lawfully at the Defendant's store located at the above address.

6.      At the above time, place and date, Plaintiff, ANTONIO RAMIREZ, slipped and fell on a transitory and/or foreign substance that was pooled, drenched, and/or soaked into, within and on the mat or rug inside the Defendant's store, and was seriously and severely injured, as more fully set forth herein.

## COUNT I – CLAIM OF NEGLIGENCE AGAINST DEFENDANT, WAL-MART STORES EAST, LP

7.      Plaintiff realleges and reavers paragraph numbers 1 through 6 as though fully set forth above, herein and further states as follows:

8.      At said time and place, Plaintiff was an invitee, lawfully upon the premises of Defendant, WALMART, who owed Plaintiff a duty of exercise reasonable care for his safety.

8.      On the aforementioned time, place, and date, the above premises was owned, operated, maintained and controlled by the Defendant, WALMART, by and through their agents and employees.

9.      The Defendant, WALMART, by and through its agents and employees, had notice of the condition, either actual or constructive, and thus, owed a non-delegable duty to the Plaintiff to maintain and keep the subject premises in a reasonably safe condition.

2

10.     At the above time, place and date, the Defendant, WALMART, acted negligently

and carelessly, and breached its duty of care in one or more of the following ways:

a)      by improperly and carelessly creating a dangerous and hazardous condition;

b)      allowing a slippery transitory and/or foreign substance to exist and pool, drench, and/or soak into, within and on the mat or rug inside the Defendant's store, specifically by the Men's Restroom and Ice Machine(s)/Freezer(s) which patrons were forced to walk through, thereby creating an unsafe, dangerous and hazardous condition;

b)      by failing to detect or remove the liquid substance on the floor, although it knew, or in the exercise of reasonable care should have known of the existence of said liquid on the floor, and it further represented to its patrons that its premises were safe and suitable when, in fact, it was not because of the hazardous condition as aforesaid; and

c)      by failing to provide adequate warnings in writing and/or other reasonable notice of the above unsafe, dangerous and hazardous conditions to customers, including but not limited to, the Plaintiff, ANTONIO RAMIREZ, although the Defendant, WALMART, knew, or in the exercise of reasonable care, should have known, about the existence of said condition, and it further represented to its patrons that its premises was safe and suitable when, in fact, it was not because of the hazardous conditions.

d)      By failure to properly maintain and inspect its floors and premises;

e)      By having an improper flooring surface that became extremely slippery when wet, resulting in a dangerous and hazardous condition;

f)      By its failure to follow its own policies or procedures regarding store safety; and

g)      By failing to supervise, train, retain its employees or agents, or for the vicariously liability of its

employees or agents.

11.    That as a direct and proximate cause of the Defendant's negligence and carelessness, the Plaintiff, ANTONIO RAMIREZ, suffered serious and permanent bodily injuries and damages, resulting pain therefrom, pain and suffering, exacerbation of preexisting injuries mental anguish, expense of medical treatment, loss of capacity for the enjoyment of life, loss of present and future earnings, loss of earning capacity and disfigurement. These injuries are either permanent or continuing in nature and the Plaintiff, ANTONIO RAMIREZ, will suffer these losses in the future.

WHEREFORE, the Plaintiff, ANTONIO RAMIREZ, demands judgment against the Defendant, WALMART, in an amount in excess of THIRTY THOUSAND ($30,000.00) DOLLARS, exclusive of interest and costs, which are prayed for in addition thereto. Plaintiff further demands a trial by jury of all issues triable by right.

## COUNT II – NEGLIGENCE OF ROLLIN BEAUPERTHUY, PERSONALLY

12.    The Plaintiff adopts and realleges paragraphs 1-6 above,

13.    At all material times hereto, Defendant, ROLLIN BEAUPERTHUY, has managerial responsibilities for the store as an employee or agent for the Defendant, WALMART, who owned a duty of reasonable care to business invitees.

14.    In addition to those managerial duties, ROLLIN BEAUPERTHUY, had a personal duty that he/she was directly responsible for to ensure the store was safe and there were no hazards within the store. Those duties include monitoring the store floors and making sure they were free from hazards. If she did not have a specific obligation as the store manager to ensure the store was safe, then she had a personal responsibility or duty to warn Plaintiff of any known dangerous conditions completely independent from her duties as store manager.

15.    Defendant, ROLLIN BEAUPERTHUY, breached these duties of care to the Plaintiff, when he/she knew or should have known of the conditions yet negligently allowed them to exist or permitted them to remain thereby causing Plaintiff to be exposed to same and failed to warn Plaintiff of same.

16.    That as a direct and proximate cause of the Defendant's negligence and carelessness, the Plaintiff, ANTONIO RAMIREZ, suffered serious and permanent bodily injuries and damages, resulting pain therefrom, pain and suffering, exacerbation of preexisting injuries mental anguish, expense of medical treatment, loss of capacity for the enjoyment of life, loss of present and future earnings, loss of earning capacity and disfigurement.  These injuries are either permanent or continuing in nature and the Plaintiff, ANTONIO RAMIREZ, will suffer these losses in the future.

WHEREFORE, the Plaintiff, ANTONIO RAMIREZ, demands judgment against the Defendant, ROLLIN BEAUPERTHUY, in an amount in excess of THIRTY THOUSAND ($30,000.00) DOLLARS, exclusive of interest and costs, which are prayed for in addition thereto.  Plaintiff further demands a trial by jury of all issues triable by right.