UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO RAMIREZ,

    Plaintiff,

v.                                         Case No.:   2:23-cv-308-SPC-NPM

WALMART STORES EAST, LP
and ROLLIN BEAUPERTHUY,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court are two motions. First is Plaintiff Antonio Ramirez's Motion to Remand (Doc. 12), along with Defendant Walmart Store East LLP's opposition (Doc. 13). Second is Defendant Rollin Beauperthuy's Amended Motion to Dismiss (Doc. 10), along with Plaintiff's opposition (Doc. 12). The Court considers the motions together because the arguments largely overlap.

This is a slip and fall case. On August 9, 2022, Plaintiff sued Walmart and a store manager for negligence. Months later, the state court let Plaintiff amend the complaint to name the correct store manager: Beauperthuy. (Doc. 1-2; Doc. 1-3). Walmart then removed this case based on diversity jurisdiction.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

(Doc. 1). From there, Beauperthuy moved to dismiss the negligence count against him because there are no allegations about his personal fault. (Doc. 10). Plaintiff has opposed the dismissal and moved to remand in the same paper. (Doc. 12).

A defendant may generally remove a civil action from state court to federal court if there is diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C § 1441(a)–(b); *see also* 28 U.S.C. § 1446(a). Federal courts have diversity jurisdiction when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (explaining "all plaintiffs must be diverse from all defendants" for diversity jurisdiction).

Plaintiff's motion to remand focuses on the parties' citizenship. He first argues that Walmart did not sufficiently plead the citizenships of all its partners. Not so. The Notice of Removal explains that Walmart is a Delaware limited partnership made up of a general partner and limited partner, both of which are limited liability companies. (Doc. 1 at 3-4); s*ee Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[A] limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens."). Another limited liability company is the sole (and same) member of the general and limited partners. (Doc. 1 at 4). And the sole member of that limited liability company is Wal-Mart Stores, Inc., which

2

is a Delaware corporation with a principal place of business in Arkansas. (Doc. 1 at 4). The Court thus finds that Walmart has sufficiently established its own citizenship.

Plaintiff relies on *Durham v. Wal-Mart Stores E., LP*, No. 3:21-cv-325-MMH-JBT, 2021 WL 1172782 (M.D. Fla. Mar. 29, 2021), to challenge Walmart's citizenship. But that case is not on point. In *Durham*, Walmart's notice of removal merely said that it was "a registered Limited Partnership in the State of Delaware and has its principal place of business in Bentonville, Arkansas." *Id.*, 2021 WL 1172782, at *2. That allegation was insufficient. But Walmart does not repeat the same mistake here. As explained above, Walmart breaks down the states in which all Walmart's partners are citizens and their principal place of business. *See CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021) (explaining how it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship when dealing with unincorporated business entities); *Purchasing Power, LLC v. Bluestem Brands, LLC*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("[C]itizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC").

Plaintiff's second citizenship attack focuses on Beauperthuy, the store manager. According to Plaintiff, the parties are not diverse because

Beauperthuy is a Florida resident like him. Walmart responds that his citizenship is irrelevant because Plaintiff fraudulently joined him.

"When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *See Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). To establish fraudulent joinder, there must be clear and convincing evidence that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Id.* (citation omitted). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003). In resolving a fraudulent joinder claim, the court must resolve all questions of fact for the plaintiff. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

Plaintiff sues Beauperthuy for negligence. Florida law says a store manager is not liable for negligence "simply because of his general administrative responsibility for the performance of some function of his employment—he or she must be actively negligent." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) (citing *McElveen v. Peeler*, 544 So. 2d 270, 271-72 (Fla. Dist. Ct. App. 1989)). To maintain a claim against

4

a store manager, a plaintiff must "allege and prove that the [store manager] owed a duty to the [plaintiff], and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.* at 272.

The Amended Complaint does not allege that Beauperthuy was actively or personally negligent. It only offers boilerplate allegations about Beauperthuy being the manager of the Walmart store when Plaintiff fell and having "a personal duty that he/she was directly responsible for to ensure the store was safe." (Doc. 6 at 4). The Amended Complaint also lists possible theories of negligence without any factual support. For example, it faults Beauperthuy for not "monitoring the store floors and making sure they were free from hazards," or "warn[ing] Plaintiff of any known dangerous conditions." (Doc. 6 at 4). But nowhere does the Amended Complaint offer facts about Beauperthuy being personally liable for Plaintiff's fall. *See, e.g.*, *Petigny v. Wal-Mart Stores E., L.P.,* No. 18-23762-CIV, 2018 WL 5983506, at *4 (S.D. Fla. Nov. 13, 2018) (finding that the complaint was insufficient because "[p]laintiff does not allege facts showing that [the store manager] caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the floor, or was in the area of Plaintiff's incident prior to same in order to correct it"). Even giving Plaintiff every reasonable benefit, his pleading has not alleged that Beauperthuy actively participated in any tort. Instead, this case "appears to be a run of the mill slip and fall case

5

in which the store manager individually has no liability." *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (finding that fraudulent joinder of the store manager when the allegations were "not specific and direct; rather, they are conclusory" and the plaintiff "has provided no facts demonstrating that [the store manager] played any role in [plaintiff's] injuries").

Given this, Plaintiff's claims against Beauperthuy would likely fail even if the Court let them move forward. *See Wade v. Dolgencorp, LLC,* No. 8:09-cv-01470-T-24-EAJ, 2009 WL 8630725, at *4 (M.D. Fla. Oct. 14, 2009) ("[A]ny potential prejudice is significantly lessened by the existence of the very high probability that Plaintiffs have no colorable claim against [the store manager] under Florida law"). The Court thus finds that Beauperthuy was fraudulently joined and will dismiss him from this action. That conclusion leaves the remaining parties to be diverse for subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Antonio Ramirez's Motion to Remand (Doc. 12) is **DENIED**.

2. Defendant Rollin Beauperthuy's Motion to Dismiss (Doc. 10) is **GRANTED**.

3. The Court **DISMISSES** Beauperthuy from this action.

**DONE** and **ORDERED** in Fort Myers, Florida on June 14, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

7